**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **CELLULAR COMMUNICATIONS** | § | |
| **EQUIPMENT LLC,** | § | |
| | § | |
| **Plaintiff,** | § | **C.A. No. ____** |
| | § | |
| **v.** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **VERIZON COMMUNICATIONS, INC.,** | § | |
| **CELLCO PARTNERSHIP D/B/A** | § | |
| **VERIZON WIRELESS,** | § | |
| **ALCATEL-LUCENT S.A.,** | § | |
| **ALCATEL-LUCENT USA, INC.,** | § | |
| **ERICSSON INC.,** | § | |
| **TELEFONAKTIEBOLAGET LM** | § | |
| **ERICSSON,** | § | |
| **APPLE INC.,** | § | |
| **HTC CORPORATION,** | § | |
| **HTC AMERICA, INC.,** | § | |
| **LG ELECTRONICS, INC.,** | § | |
| **LG ELECTRONICS USA, INC.,** | § | |
| **SAMSUNG ELECTRONICS CO. LTD.,** | § | |
| **SAMSUNG ELECTRONICS AMERICA,** | § | |
| **INC., and** | § | |
| **SAMSUNG TELECOMMUNICATIONS** | § | |
| **AMERICA LLC,** | § | |
| | § | |
| **Defendants.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Cellular Communications Equipment LLC ("CCE") files this Original Complaint

against  Verizon Communications, Inc., Cellco Partnership d/b/a Verizon Wireless, Alcatel-Lucent

S.A., Alcatel-Lucent USA, Inc., Ericsson Inc., Telefonaktiebolaget LM Ericsson, Apple Inc., HTC

Corporation, HTC America, Inc., LG Electronics, Inc., LG Electronics USA, Inc., Samsung

Electronics Co. Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications

America LLC (collectively, the  "Defendants") for infringement of U.S. Patent No. 8,457,022 ("the

'022 patent"), U.S. Patent No. 8,570,957 ("the '957 patent"), and U.S. Patent No. 8,867,472 ("the '472 patent").

## <u>INTRODUCTION</u>

Verizon proclaims that its America's overall #1 network.  Verizon competes intensely with other national carriers to win subscribers and requires advanced LTE capabilities and features to do so.  Verizon boasts that it has the nation's largest, most reliable 4G LTE network, covering over 98% of Americans.  Comparing its network to competitors, Verizon claims to be #1 in call, data, speed, and reliability.  (*See* http://www.verizonwireless.com/ and http://www.verizonwireless.com/landingpages/4g-lte/#coverage, as of April 30, 2015.)  The technology of the CCE patents asserted in this Complaint underlies critical features of Verizon's LTE network and allows Verizon to make most efficient use of its extremely valuable wireless spectrum.  This is necessary to compete for customers in a highly competitive market and support as many users as possible while offering them the best possible LTE cellular experience.  Verizon's ability to do so is a direct result of Verizon's infringement of the CCE patents.

Verizon relies upon its suppliers of mobile devices and network equipment, such as those named as defendants in this Complaint, to provide the LTE user equipment and base stations that are specifically designed by Verizon and its suppliers to operate as efficiently as possible using various features of the LTE wireless standards.  In providing, testing, and/or operating the hardware that Verizon utilizes or sells to customers to offer 4G LTE cellular communications, each of its suppliers, including Alcatel-Lucent, Ericsson, Apple, HTC, LG, and Samsung, also infringe the CCE patents that are the subject of this Complaint.

## THE PARTIES

1.     Cellular Communications Equipment LLC is a Texas limited liability company with its principal place of business in Plano, Texas.

2.      Verizon Communications Inc. is a Delaware corporation with its principal place of business in New York, New York. This Defendant may be served with process through its agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. This Defendant does business in the State of Texas and in the Eastern District of Texas.

3.     Cellco Partnership d/b/a Verizon Wireless (with Verizon Communications Inc., collectively "Verizon") is a Delaware general partnership with its principal place of business in Basking Ridge, New Jersey. This Defendant may be served with process through its agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. This Defendant does business in the State of Texas and in the Eastern District of Texas.

4.     Alcatel-Lucent S.A. is a corporation organized under the laws of France with its principal place of business in Boulogne-Billancourt, France. On information and belief, this Defendant may be served with process at its principal place of business at 148/152 route de la Reine 92100 Boulogne-Billancourt, France.  This Defendant does business in the State of Texas and in the Eastern District of Texas.

5.     Alcatel-Lucent USA, Inc. (with Alcatel-Lucent S.A., collectively "Alcatel") is a Delaware corporation with its principal place of business in Murray Hill, New Jersey. This Defendant may be served with process through its agent, The Corporation Service Company,

2711 Centerville Rd. Suite 400, Wilmington, Delaware 19808.  This Defendant does business in the State of Texas and in the Eastern District of Texas.

6.     Ericsson Inc. is a Delaware corporation with its headquarters and principal place of business in Plano, Texas. This Defendant may be served with process through its agent, Capitol Corporate Services, Inc., 800 Brazos, Suite 400, Austin, Texas 78701.  This Defendant does business in the State of Texas and in the Eastern District of Texas.

7.     Telefonaktiebolaget LM Ericsson (with Ericsson Inc., collectively "Ericsson") is a company organized under the laws of Sweden with its principal place of business in Stockholm, Sweden. On information and belief, this Defendant may be served with process at its principal place of business at Torshamnsgatan 21, Kista, 164 83 Stockholm, Sweden.  This Defendant does business in the State of Texas and in the Eastern District of Texas.

8.     Apple Inc. ("Apple") is a California corporation with its principal place of business in Cupertino, California. This Defendant may be served with process through its agent in Texas, CT Corporation System, 1999 Bryan Street, Ste. 900; Dallas, TX 75201-3136.  This Defendant does business in the State of Texas and in the Eastern District of Texas.

9.     HTC Corporation is incorporated under the laws of Taiwan with its principal place of business at 23 Xinghau Road, Taoyuan City, Taoyuan 330, Taiwan, R.O.C. On information and belief, this Defendant may be served with process at its principal place of business at 23 Xinghau Road, Taoyuan City, Taoyuan 330, Taiwan, R.O.C. This Defendant does business in the State of Texas and in the Eastern District of Texas.

10.     HTC America, Inc. is a Washington corporation with its principal place of business at 13920 SE Eastgate Way, Suite 400, Bellevue, Washington 98005. This Defendant may be served with process through its agent in Texas, National Registered Agents, Inc., 1021 Main Street, Suite

1150, Houston, TX 77002. This Defendant does business in the State of Texas and in the Eastern District of Texas.

11.     LG Electronics, Inc. is incorporated under the laws of South Korea with its principal place of business at LG Twin Towers 20, Yeouido-dong, Yeongdeunspo-gu, Seoul 150-721, South Korea. On information and belief, this Defendant may be served with process at its principal place of business at LG Twin Towers 20, Yeouido-dong, Yeongdeunspo-gu, Seoul 150-721, South Korea. This Defendant does business in the State of Texas and in the Eastern District of Texas.

12.     LG Electronics USA, Inc. (with LG Electronics, Inc., collectively "LG") is a Delaware corporation with its principal place of business in Englewood Cliffs, New Jersey. This Defendant may be served with process through its agent, United States Corporation Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808. This Defendant does business in the State of Texas and in the Eastern District of Texas.

13.     Samsung Electronics Co., Ltd. is a corporation organized under the laws of South Korea with its principal place of business located at Samsung Main Building, 250, Taepyeongno 2-ga, Jung-gu, Seoul 100-742, Republic of Korea. On information and belief, this Defendant may be served with process at its principal place of business at Samsung Main Building, 250, Taepyeongno 2-ga, Jung-gu, Seoul 100-742, Republic of Korea. This Defendant does business in the State of Texas and in the Eastern District of Texas.

14.     Samsung Electronics America, Inc. is a New York corporation with its principal place of business in Ridgefield Park, New Jersey. This Defendant may be served with process through its agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201. This Defendant does business in the State of Texas and in the Eastern District of Texas.

15.     Samsung Telecommunications America, LLC (with Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc., collectively "Samsung") is a Delaware limited liability corporation with its principal place of business in Richardson, Texas. This Defendant may be served with process through its agent, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701. This Defendant does business in the State of Texas and in the Eastern District of Texas.

## JURISDICTION AND VENUE

16.     This action arises under the patent laws of the United States, namely 35 U.S.C. §§ 271, 281, and 284-285, among others.

17.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), and 1367.

18.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c), and 1400(b). On information and belief, each Defendant is deemed to reside in this judicial district, has committed acts of infringement in this judicial district, has purposely transacted business in this judicial district, and/or has regular and established places of business in this judicial district.

19.     On information and belief, each Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this State and judicial district, including: (A) at least part of their infringing activities alleged herein; and (B) regularly doing or soliciting business, engaging in other persistent conduct, and/or deriving substantial revenue from goods sold and services provided to Texas residents.

## COUNT I

(INFRINGEMENT OF U.S. PATENT NO. 8,457,022)

20.     CCE incorporates paragraphs 1 through 19 herein by reference.

21.     CCE is the assignee of the '022 patent, entitled "Method and Apparatus for Providing Signaling of Redundancy Versions," with ownership of all substantial rights in the '022 patent, including the right to exclude others and to enforce, sue, and recover damages for past and future infringements.  A true and correct copy of the '022 patent is attached as Exhibit A.

22.     The '022 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

23.     Defendants Verizon, Alcatel, Ericsson, Apple, HTC, LG, and Samsung have and continue to directly and/or indirectly infringe (by inducing infringement and/or contributing to infringement) one or more  claims of the '022 patent in this judicial district and elsewhere in Texas and the United States without the consent or authorization of CCE, by or through their making, having made, offering for sale, selling, importing, and/or using user equipment for Verizon's LTE network—supplied by Apple, HTC, LG, and Samsung—and Verizon's base station equipment—supplied by Alcatel and Ericsson—including, for example: the Apple iPhone 5, Apple iPhone 5c, Apple iPhone 5s, Apple iPhone 6, Apple iPhone 6 Plus, Apple iPad Air, Apple iPad Air 2, Apple iPad Mini, Apple iPad Mini 3, Apple iPad Mini with Retina Display, Apple iPad 3, HTC Desire 612, HTC Droid DNA, HTC Droid Incredible 4G, HTC One (M7), HTC One (M8), HTC One (M8) Windows, HTC One M9, HTC One Max, HTC One Remix (mini 2), HTC Windows Phone 8X, LG Enact, LG G Vista, LG G2, LG G3, LG Intuition, LG Lucid 2, LG Lucid 3, LG Lucid 4G, LG Spectrum, LG Spectrum 2, LG G Pad 10.1 LTE, LG G Pad 7.0 LTE, LG G Pad 8.3 LTE, Samsung Ativ Odyssey Windows Phone 8, Samsung ATIV SE, Samsung Galaxy

Core Prime, Samsung Galaxy Note 3, Samsung Galaxy Note 4, Samsung Galaxy Note Edge, Samsung Galaxy Note II, Samsung Galaxy S3, Samsung Galaxy S3 mini, Samsung Galaxy S4, Samsung Galaxy S4 mini, Samsung Galaxy S5, Samsung Galaxy S6, Samsung Galaxy S6 Edge, Samsung Galaxy Stellar, Samsung Stratosphere II, Samsung Galaxy Note 10.1, Samsung Galaxy Note 10.1 (2014 Edition), Samsung Galaxy Note Pro, Samsung Galaxy Note PRO 12.2, Samsung Galaxy Tab 10.1, Samsung Galaxy Tab 2 10.1, Samsung Galaxy Tab 2 (7.0), Samsung Galaxy Tab 4 (8.0), Samsung Galaxy Tab 4 10.1, Samsung Galaxy Tab S, Samsung Galaxy Tab 7.7, compatible with the Verizon LTE cellular network and made, used, sold, offered for sale, imported or otherwise distributed by or through Verizon and/or its suppliers for use on Verizon's LTE network (the "Verizon User Equipment"); and the Alcatel-Lucent 9768, Alcatel-Lucent 9100 Multi-Standard Base Station, Alcatel-Lucent 9412 eNodeB Compact, Alcatel-Lucent lightRadio 9711, Alcatel-Lucent lightRadio 9712, Alcatel-Lucent 9768, Alcatel-Lucent Evercore LTE 400 PMR, Alcatel-Lucent Multi-Carrier Remote Radio Head, and Ericsson RBS 6000 series, compatible with the Verizon LTE cellular network and made, used, sold, offered for sale, imported, and/or operated by or through Verizon and/or its suppliers for use in Verizon's LTE network (the "Verizon Base Stations"). These devices are collectively referred to as the "Verizon LTE User Equipment and Network Equipment."

24.     Defendants directly infringe the apparatus claims of the '022 patent by making, using, offering to sell, selling, and/or importing the Verizon LTE User Equipment and Network Equipment. Defendants also directly infringe the '022 patent by making, using, selling, offering for sale, and/or importing the Verizon LTE User Equipment and Network Equipment to practice the claimed methods. Defendants are thereby liable for direct infringement.

25.     Additionally, Defendants are liable for indirect infringement of the '022 patent because they induce and/or contribute to the direct infringement of the patent by their customers (including Verizon by its suppliers) and other end users who use the Verizon LTE User Equipment and Network Equipment to practice the claimed methods.  On information and belief, Defendants had knowledge of the '022 patent at least as early as December 2012.  And since that time, Defendants have specifically intended and continue to specifically intend for persons who acquire and use the Verizon LTE User Equipment and Network Equipment, including Defendants' customers (e.g., mobile device users, Verizon, etc.), to use such devices in a manner that infringes the '022 patent.

26.     On information and belief, each Defendant, or an affiliated entity, is a 3rd Generation Partnership Project (or "3GPP") member organization, or is affiliated with a 3GPP member organization. 3GPP solicits identification of standard essential patents, and, through 3GPP, Defendants received actual notice of the standard essential patents at issue here. The '022 patent is one such patent, and Defendants have known of the '022 patent at least as early as December 2012, when it was disclosed to 3GPP via the European Telecommunications Standards Institute ("ETSI," an organizational member of 3GPP).

27.     Despite having knowledge of the '022 patent, Defendants named in this Count have specifically intended and continue to specifically intend for persons who acquire and use the Verizon LTE User Equipment and Network Equipment, including Defendants' customers (e.g., mobile device users, Verizon, etc.), to use such devices in a manner that infringes one or more of the claims of the '022 patent. This is evident when Defendants encourage and instruct customers and other end users in the use and operation of the Verizon LTE User Equipment and Network Equipment via advertisement and instructional materials.

28.     In particular, despite having knowledge of the '022 patent, Defendants have provided, and continue to provide, instructional materials, such as user guides, owner manuals, and similar online resources (available, for example, via http://www.verizonwireless.com/support/, http://support.apple.com/manuals/, http://www.htc.com/us/support/, http://www.lg.com/us/support/mobile-support, http://www.samsung.com/us/support/downloads, and other instructional materials and documentation provided or made available by Defendants to customers after purchase) that specifically teach the customers and other end users to use the Verizon LTE User Equipment and Network Equipment in an infringing manner. By providing such instructions, Defendants know (and have known), or should know (and should have known), that their actions have, and continue to, actively induce infringement.

29.     Additionally, Defendants named in this Count know, and have known, that the Verizon LTE User Equipment and Network Equipment include proprietary hardware components and software instructions that work in concert to perform specific, intended functions. Such specific, intended functions, carried out by these hardware and software combinations, are a material part of the inventions of the '022 patent and are not staple articles of commerce suitable for substantial non-infringing use.

30.     On information and belief, Verizon along with its suppliers, Alcatel, Ericsson, Apple, HTC, LG, and Samsung test, make, use, offer for sale, sell, and/or import the Verizon LTE User Equipment and Network Equipment described in this Count, pursuant to one or more contractual agreements between them relating to, at least, the distribution, sale, and operation of such devices. Accordingly, Verizon, Alcatel, Ericsson, Apple, HTC, LG, and Samsung are jointly, severally, or alternatively liable for infringements described in this Count.

31.     CCE has been damaged as a result of Defendants' infringing conduct described in this Count. Defendants are, thus, liable to CCE in an amount that adequately compensates CCE for Defendants' infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT II

### (INFRINGEMENT OF U.S. PATENT NO. 8,570,957)

32.     CCE incorporates paragraphs 1 through 19 herein by reference.

33.     CCE is the assignee of the '957 patent, entitled "Extension of Power Headroom Reporting and Trigger Conditions," with ownership of all substantial rights in the '957 patent, including the right to exclude others and to enforce, sue, and recover damages for past and future infringements.  A true and correct copy of the '957 patent is attached as Exhibit B.

34.     The '957 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

35.     Defendants Verizon, Alcatel, Ericsson, Apple, HTC, LG, and Samsung have and continue to directly and/or indirectly infringe (by inducing infringement and/or contributing to infringement) one or more  claims of the '957 patent in this judicial district and elsewhere in Texas and the United States without the consent or authorization of CCE, by or through their making, having made, offering for sale, selling, importing, and/or using user equipment for Verizon's LTE network—supplied by Apple, HTC, LG, and Samsung—and Verizon's base station equipment—supplied by Alcatel and Ericsson—including, for example: the Apple iPhone 5, Apple iPhone 5c, Apple iPhone 5s, Apple iPhone 6, Apple iPhone 6 Plus, Apple iPad Air, Apple iPad Air 2, Apple iPad Mini, Apple iPad Mini 3, Apple iPad Mini with Retina Display, Apple iPad 3, HTC Desire 612, HTC Droid DNA, HTC Droid Incredible 4G, HTC One (M7), HTC One (M8),

HTC One (M8) Windows, HTC One M9, HTC One Max, HTC One Remix (mini 2), HTC Windows Phone 8X, LG Enact, LG G Vista, LG G2, LG G3, LG Intuition, LG Lucid 2, LG Lucid 3, LG Lucid 4G, LG Spectrum, LG Spectrum 2, LG G Pad 10.1 LTE, LG G Pad 7.0 LTE, LG G Pad 8.3 LTE, Samsung Ativ Odyssey Windows Phone 8, Samsung ATIV SE, Samsung Galaxy Core Prime, Samsung Galaxy Note 3, Samsung Galaxy Note 4, Samsung Galaxy Note Edge, Samsung Galaxy Note II, Samsung Galaxy S3, Samsung Galaxy S3 mini, Samsung Galaxy S4, Samsung Galaxy S4 mini, Samsung Galaxy S5, Samsung Galaxy S6, Samsung Galaxy S6 Edge, Samsung Galaxy Stellar, Samsung Stratosphere II, Samsung Galaxy Note 10.1, Samsung Galaxy Note 10.1 (2014 Edition), Samsung Galaxy Note Pro, Samsung Galaxy Note PRO 12.2, Samsung Galaxy Tab 10.1, Samsung Galaxy Tab 2 10.1, Samsung Galaxy Tab 2 (7.0), Samsung Galaxy Tab 4 (8.0), Samsung Galaxy Tab 4 10.1, Samsung Galaxy Tab S, Samsung Galaxy Tab 7.7, compatible with the Verizon LTE cellular network and made, used, sold, offered for sale, imported or otherwise distributed by or through Verizon and/or its suppliers for use on Verizon's LTE network (the "Verizon User Equipment"); and the Alcatel-Lucent 9768, Alcatel-Lucent 9100 Multi-Standard Base Station, Alcatel-Lucent 9412 eNodeB Compact, Alcatel-Lucent lightRadio 9711, Alcatel-Lucent lightRadio 9712, Alcatel-Lucent 9768, Alcatel-Lucent Evercore LTE 400 PMR, Alcatel-Lucent Multi-Carrier Remote Radio Head, and Ericsson RBS 6000 series, compatible with the Verizon LTE cellular network and made, used, sold, offered for sale, imported, and/or operated by or through Verizon and/or its suppliers for use in Verizon's LTE network (the "Verizon Base Stations"). These devices are collectively referred to as the "Verizon LTE User Equipment and Network Equipment."

36.     Defendants directly infringe the apparatus claims of the '957 patent by making, using, offering to sell, selling, and/or importing the Verizon LTE User Equipment and Network

Equipment. Defendants also directly infringe the '957 patent by making, using, selling, offering for sale, and/or importing the Verizon LTE User Equipment and Network Equipment to practice the claimed methods. Defendants are thereby liable for direct infringement.

37.     Additionally, Defendants are liable for indirect infringement of the '957 patent because they induce and/or contribute to the direct infringement of the patent by their customers (including Verizon by its suppliers) and other end users who use the Verizon LTE User Equipment and Network Equipment to practice the claimed methods.  Defendants have specifically intended and continue to specifically intend for persons who acquire and use the Verizon LTE User Equipment and Network Equipment, including Defendants' customers (e.g., mobile device users, Verizon, etc.), to use such devices in a manner that infringes the '957 patent.

38.     Each Defendant has had knowledge of the '957 patent, at least as early as service of this Complaint. *See, e.g.*, *Patent Harbor, LLC v. Dreamworks Animation SKG, Inc.*, No. 6:11-cv-229, 2012 U.S. Dist. LEXIS 114199, at *17 (E.D. Tex. Jul. 27, 2012).

39.     Despite having knowledge of the '957 patent, Defendants named in this Count have specifically intended and continue to specifically intend for persons who acquire and use the Verizon LTE User Equipment and Network Equipment, including Defendants' customers (e.g., mobile device users, Verizon, etc.), to use such devices in a manner that infringes one or more claims of the '957 patent. This is evident when Defendants encourage and instruct customers and other end users in the use and operation of the Verizon LTE User Equipment and Network Equipment via advertisement and instructional materials.

40.     In particular, despite having knowledge of the '957 patent, Defendants have provided, and continue to provide, instructional materials, such as user guides, owner manuals, and       similar      online      resources      (available,      for      example,      via

http://www.verizonwireless.com/support/,                     http://support.apple.com/manuals/, http://www.htc.com/us/support/,                     http://www.lg.com/us/support/mobile-support, http://www.samsung.com/us/support/downloads, and other instructional materials and documentation provided or made available by Defendants to customers after purchase) that specifically teach the customers and other end users to use the Verizon LTE User Equipment and Network Equipment in an infringing manner. By providing such instructions, Defendants know (and have known), or should know (and should have known), that their actions have, and continue to, actively induce infringement.

41.      Additionally, Defendants named in this Count know, and have known, that the Verizon LTE User Equipment and Network Equipment include proprietary hardware components and software instructions that work in concert to perform specific, intended functions. Such specific, intended functions, carried out by these hardware and software combinations, are a material part of the inventions of the '957 patent and are not staple articles of commerce suitable for substantial non-infringing use.

42.      On information and belief, Verizon along with its suppliers, Alcatel, Ericsson, Apple, HTC, LG, and Samsung,  test, make, use, offer for sale, sell, and/or import the Verizon LTE User Equipment and Network Equipment described in this Count, pursuant to one or more contractual agreements between them relating to, at least, the distribution, sale, and operation of such devices. Accordingly, Verizon, Alcatel, Ericsson, Apple, HTC, LG, and Samsung are jointly, severally, or alternatively liable for infringements described in this Count.

43.      CCE has been damaged as a result of Defendants' infringing conduct described in this Count. Defendants are, thus, liable to CCE in an amount that adequately compensates CCE for Defendants' infringements, which, by law, cannot be less than a reasonable royalty, together

with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT III

### (INFRINGEMENT OF U.S. PATENT NO. 8,867,472)

44.     CCE incorporates paragraphs 1 through 19 herein by reference.

45.     CCE is the assignee of the '472 patent, entitled "Signalling of Channel Information," with ownership of all substantial rights in the '472 patent, including the right to exclude others and to enforce, sue, and recover damages for past and future infringements. A true and correct copy of the '472 patent is attached as Exhibit C.

46.     The '472 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

47.     Defendants Verizon, Alcatel, Ericsson, Apple, HTC, LG, and Samsung have and continue to directly and/or indirectly infringe (by inducing infringement and/or contributing to infringement) one or more claims of the '472 patent in this judicial district and elsewhere in Texas and the United States without the consent or authorization of CCE, by or through their making, having made, offering for sale, selling, importing, and/or using user equipment for Verizon's LTE network—supplied by Apple, HTC, LG, and Samsung—and Verizon's base station equipment—supplied by Alcatel and Ericsson—including, for example: the Apple iPhone 5, Apple iPhone 5c, Apple iPhone 5s, Apple iPhone 6, Apple iPhone 6 Plus, Apple iPad Air, Apple iPad Air 2, Apple iPad Mini, Apple iPad Mini 3, Apple iPad Mini with Retina Display, Apple iPad 3, HTC Desire 612, HTC Droid DNA, HTC Droid Incredible 4G, HTC One (M7), HTC One (M8), HTC One (M8) Windows, HTC One M9, HTC One Max, HTC One Remix (mini 2), HTC Windows Phone 8X, LG Enact, LG G Vista, LG G2, LG G3, LG Intuition, LG Lucid 2, LG Lucid 3, LG Lucid 4G, LG Spectrum, LG Spectrum 2, LG G Pad 10.1 LTE, LG G Pad 7.0 LTE, LG G

Pad 8.3 LTE, Samsung Ativ Odyssey Windows Phone 8, Samsung ATIV SE, Samsung Galaxy Core Prime, Samsung Galaxy Note 3, Samsung Galaxy Note 4, Samsung Galaxy Note Edge, Samsung Galaxy Note II, Samsung Galaxy S3, Samsung Galaxy S3 mini, Samsung Galaxy S4, Samsung Galaxy S4 mini, Samsung Galaxy S5, Samsung Galaxy S6, Samsung Galaxy S6 Edge, Samsung Galaxy Stellar, Samsung Stratosphere II, Samsung Galaxy Note 10.1, Samsung Galaxy Note 10.1 (2014 Edition), Samsung Galaxy Note Pro, Samsung Galaxy Note PRO 12.2, Samsung Galaxy Tab 10.1, Samsung Galaxy Tab 2 10.1, Samsung Galaxy Tab 2 (7.0), Samsung Galaxy Tab 4 (8.0), Samsung Galaxy Tab 4 10.1, Samsung Galaxy Tab S, Samsung Galaxy Tab 7.7, compatible with the Verizon LTE cellular network and made, used, sold, offered for sale, imported or otherwise distributed by or through Verizon and/or its suppliers for use on Verizon's LTE network (the "Verizon User Equipment"); and the Alcatel-Lucent 9768, Alcatel-Lucent 9100 Multi-Standard Base Station, Alcatel-Lucent 9412 eNodeB Compact, Alcatel-Lucent lightRadio 9711, Alcatel-Lucent lightRadio 9712, Alcatel-Lucent 9768, Alcatel-Lucent Evercore LTE 400 PMR, Alcatel-Lucent Multi-Carrier Remote Radio Head, and Ericsson RBS 6000 series, compatible with the Verizon LTE cellular network and made, used, sold, offered for sale, imported, and/or operated by or through Verizon and/or its suppliers for use in Verizon's LTE network (the "Verizon Base Stations"). These devices are collectively referred to as the "Verizon LTE User Equipment and Network Equipment."

48.     Defendants directly infringe the apparatus claims of the '472 patent by making, using, offering to sell, selling, and/or importing the Verizon LTE User Equipment and Network Equipment. Defendants also directly infringe the '472 patent by making, using, selling, offering for sale, and/or importing the Verizon LTE User Equipment and Network Equipment to practice the claimed methods. Defendants are thereby liable for direct infringement.

49.     Additionally, Defendants are liable for indirect infringement of the '472 patent because they induce and/or contribute to the direct infringement of the patent by their customers (including Verizon by its suppliers)  and other end users who use the Verizon LTE User Equipment and Network Equipment to practice the claimed methods.  Defendants have specifically intended and continue to specifically intend for persons who acquire and use the Verizon LTE User Equipment and Network Equipment, including Defendants' customers (e.g., mobile device users, Verizon, etc.), to use such devices in a manner that infringes the '472 patent.

50.     Each Defendant has had knowledge of the '472 patent, at least as early as service of this Complaint. *See, e.g.*, *Patent Harbor, LLC v. Dreamworks Animation SKG, Inc.*, No. 6:11-cv-229, 2012 U.S. Dist. LEXIS 114199, at *17 (E.D. Tex. Jul. 27, 2012).

51.     Despite having knowledge of the '472 patent, Defendants named in this Count have specifically intended and continue to specifically intend for persons who acquire and use the Verizon LTE User Equipment and Network Equipment, including Defendants' customers (e.g., mobile device users, Verizon, etc.), to use such devices in a manner that infringes one or more claims of the '472 patent. This is evident when Defendants encourage and instruct customers and other end users in the use and operation of the Verizon LTE User Equipment and Network Equipment via advertisement and instructional materials.

52.     In particular, despite having knowledge of the '472 patent, Defendants have provided, and continue to provide, instructional materials, such as user guides, owner manuals, and similar online resources (available, for example, via http://www.verizonwireless.com/support/, http://support.apple.com/manuals/, http://www.htc.com/us/support/, http://www.lg.com/us/support/mobile-support, http://www.samsung.com/us/support/downloads, and other instructional materials and

documentation provided or made available by Defendants to customers after purchase) that specifically teach the customers and other end users to use the Verizon LTE User Equipment and Network Equipment in an infringing manner. By providing such instructions, Defendants know (and have known), or should know (and should have known), that their actions have, and continue to, actively induce infringement.

53.     Additionally, Defendants named in this Count know, and have known, that the Verizon LTE User Equipment and Network Equipment include proprietary hardware components and software instructions that work in concert to perform specific, intended functions. Such specific, intended functions, carried out by these hardware and software combinations, are a material part of the inventions of the '472 patent and are not staple articles of commerce suitable for substantial non-infringing use.

54.     On information and belief, Verizon along with its suppliers, Alcatel, Ericsson, Apple, HTC, LG, and Samsung, test, make, use, offer for sale, sell, and/or import the Verizon LTE User Equipment and Network Equipment described in this Count, pursuant to one or more contractual agreements between them relating to, at least, the distribution, sale, and operation of such devices. Accordingly, Verizon, Alcatel, Ericsson, Apple, HTC, LG, and Samsung are jointly, severally, or alternatively liable for infringements described in this Count.

55.     CCE has been damaged as a result of Defendants' infringing conduct described in this Count. Defendants are, thus, liable to CCE in an amount that adequately compensates CCE for Defendants' infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## **JOINDER OF PARTIES**

56.     CCE incorporates paragraphs 1 through 55 herein by reference.

57.     On information and belief, Verizon has purchased or otherwise acquired from Alcatel, Ericsson, Apple, HTC, LG, and Samsung certain mobile devices and/or base station equipment for sale, resale, distribution to their customers (and other end users), and/or use in their cellular communications networks for the benefit of their customers (and other end users), that are the subject of Counts I through III (or some subset thereof). Thus, for these Counts, the right to relief against Alcatel, Ericsson, Apple, HTC, LG, and Samsung is asserted jointly and severally with Verizon.

58.     The alleged infringements set forth in Counts I through III arise out of the same transaction, occurrence, or series of transactions or occurrences relating to the testing, making, using, offering for sale, selling, and/or importing of the Verizon devices and equipment made the subject of Counts I through III.

59.     Questions of fact common to all Defendants will arise in this action including, for example, infringement by, or through use of, Verizon devices and equipment.

60.     Thus, joinder of Verizon, Alcatel, Ericsson, Apple, HTC, LG, and Samsung is proper in this litigation pursuant to 35 U.S.C. § 299(a).

**<u>JURY DEMAND</u>**

CCE hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

**<u>PRAYER FOR RELIEF</u>**

CCE requests that the Court find in its favor and against Defendants, and that the Court grant CCE the following relief:

a.     Judgment that one or more claims of the '022, '957, and '472 patents have been infringed, either literally and/or under the doctrine of equivalents, by Defendants and/or by others whose infringements have been induced by Defendants and/or by others to whose infringements Defendants have

contributed;

b.      Judgment that Defendants account for and pay to CCE all damages to and costs incurred by CCE because of Defendants' infringing activities and other conduct complained of herein;

c.      Judgment that Defendants account for and pay to CCE a reasonable, ongoing, post-judgment royalty because of Defendants' infringing activities and other conduct complained of herein;

d.      That CCE be granted pre-judgment and post-judgment interest on the damages caused by Defendants' infringing activities and other conduct complained of herein; and

e.      That CCE be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated: April 30, 2015                        Respectfully submitted,

                                             /s/ *Jeffrey R. Bragalone*
                                             Jeffrey R. Bragalone (lead attorney)
                                             Texas Bar No. 02855775
                                             Monte Bond
                                             Texas Bar No. 02585625
                                             Terry A. Saad
                                             Texas Bar No. 24066015

                                             **Bragalone Conroy PC**
                                             2200 Ross Avenue
                                             Suite 4500W
                                             Dallas, TX 75201
                                             Tel: (214) 785-6670
                                             Fax: (214) 785-6680
                                             jbragalone@bcpc-law.com
                                             mbond@bcpc-law.com
                                             tsaad@bcpc-law.com

                                             Edward R. Nelson, III
                                             ed@nelbum.com
                                             Texas Bar No. 00797142
                                             S. Brannon Latimer
                                             brannon@nelbum.com
                                             Texas Bar No. 24060137
                                             Thomas C. Cecil
                                             tom@nelbum.com
                                             Texas Bar No. 24069489
                                             NELSON BUMGARDNER, P.C.
                                             3131 West 7th Street, Suite 300
                                             Fort Worth, Texas 76107
                                             Phone: (817) 377-9111
                                             Fax: (817) 377-3485

                                             Attorneys for Plaintiff
                                             **CELLULAR COMMUNICATIONS
                                             EQUIPMENT LLC**