IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CELLULAR COMMUNICATIONS EQUIPMENT LLC, <br><br> Plaintiff, <br><br> v. <br><br> CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS, *et al*., <br><br> Defendants. | Civil Action No. 2:15-cv-00581 <br><br> JURY TRIAL DEMANDED |

## PLAINTIFF CELLULAR COMMUNICATIONS EQUIPMENT LLC'S ANSWER TO APPLE INC'S COUNTERCLAIMS

Plaintiff Cellular Communications Equipment LLC ("CCE" or "Plaintiff") hereby answers the Counterclaims filed by Defendant Apple Inc. ("Apple" or "Defendant"). All allegations not expressly admitted are denied. With respect to the individually numbered paragraphs in Defendant's counterclaims, Plaintiff replies as follows:

### PARTIES

1. CCE admits that Defendant is a California corporation organized and existing under the laws of the State of California with its principle place of business at 1 Infinite Loop, Cupertino, California 95014.

2. CCE admits that it is a Texas limited liability company with a principal place of business in Plano, Texas.

### JURISDICTION AND VENUE

3. CCE admits that the Court has subject matter jurisdiction over the counterclaims made by Defendant. Except as expressly admitted, CCE denies the allegations in paragraph 3.

4. CCE admits that the Court has personal jurisdiction over it with respect to the counterclaims made by Defendant. Except as expressly admitted, CCE denies the allegations in paragraph 4.

5. CCE admits that venue is proper in this District with respect to the counterclaims made by Defendant. Except as expressly admitted, CCE denies the allegations in paragraph 5.

## FACTUAL BACKGROUND

6. The allegations in paragraphs 117-131 of Defendant's Answer are legal conclusions to which no response is required; however, to the extent paragraphs 117-131 contain any factual allegations to which CCE must respond, CCE responds as follows. CCE admits that the '022 patent, the '957 patent, the '472 patent, and the '676 patent contain method claims. CCE admits that the '022 patent issued on June 4, 2013, the '957 patent issued on October 29, 2013, the '472 patent issued on October 21, 2014, and the '676 patent issued on June 4, 2013. Except as expressly admitted, CCE denies the allegations in paragraph 6, including the allegations in paragraphs 117-131 of Defendant's Answer.

7. CCE admits that the operative complaint asserts that Defendant has infringed the '022 patent, the '957 patent, the '472 patent, and the '676 patent. Except as expressly admitted, CCE denies the allegations in paragraph 7.

8. Denied.

9. CCE admits that an actual controversy exists between CCE and Defendant with respect to validity and infringement. Except as expressly admitted, CCE denies the allegations in paragraph 9.

## FIRST COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,457,022)

10. CCE repeats and incorporates by reference its responses to the preceding paragraphs 1–9 of Defendant's Counterclaims as though fully set forth herein.

11. The allegations in paragraph 11 are legal conclusions to which no response is required; however, to the extent that paragraph 11 contains any factual allegations to which CCE must respond, CCE admits that an actual controversy exists between CCE and Defendant with respect to infringement. Except as expressly admitted, CCE denies the allegations in paragraph 11.

12. Denied.

13. Denied.

## SECOND COUNTERCLAIM
### (Declaratory Judgment of Invalidity of U.S. Patent No. 8,457,022)

14. CCE repeats and incorporates by reference its responses to the preceding paragraphs 1–13 of Defendant's Counterclaims as though fully set forth herein.

15. The allegations in paragraph 15 are legal conclusions to which no response is required; however, to the extent that paragraph 15 contains any factual allegations to which CCE must respond, CCE admits that an actual controversy exists between CCE and Defendant with respect to validity. Except as expressly admitted, CCE denies the allegations in paragraph 15.

16. Denied.

17. Denied.

## THIRD COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,570,957)

18. CCE repeats and incorporates by reference its responses to the preceding paragraphs 1–17 of Defendant's Counterclaims as though fully set forth herein.

19. The allegations in paragraph 19 are legal conclusions to which no response is required; however, to the extent that paragraph 19 contains any factual allegations to which CCE

must respond, CCE admits that an actual controversy exists between CCE and Defendant with respect to infringement. Except as expressly admitted, CCE denies the allegations in paragraph 19.

20. Denied.

21. Denied.

## FOURTH COUNTERCLAIM
### (Declaratory Judgment of Invalidity of U.S. Patent No. 8,570,957)

22. CCE repeats and incorporates by reference its responses to the preceding paragraphs 1–21 of Defendant's Counterclaims as though fully set forth herein.

23. The allegations in paragraph 23 are legal conclusions to which no response is required; however, to the extent that paragraph 23 contains any factual allegations to which CCE must respond, CCE admits that an actual controversy exists between CCE and Defendant with respect to validity. Except as expressly admitted, CCE denies the allegations in paragraph 23.

24. Denied.

25. Denied.

## FIFTH COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,867,472)

26. CCE repeats and incorporates by reference its responses to the preceding paragraphs 1–25 of Defendant's Counterclaims as though fully set forth herein.

27. The allegations in paragraph 27 are legal conclusions to which no response is required; however, to the extent that paragraph 27 contains any factual allegations to which CCE must respond, CCE admits that an actual controversy exists between CCE and Defendant with respect to infringement. Except as expressly admitted, CCE denies the allegations in paragraph 27.

28. Denied.

29. Denied.

## SIXTH COUNTERCLAIM
**(Declaratory Judgment of Invalidity of U.S. Patent No. 8,867,472)**

30. CCE repeats and incorporates by reference its responses to the preceding paragraphs 1–29 of Defendant's Counterclaims as though fully set forth herein.

31. The allegations in paragraph 31 are legal conclusions to which no response is required; however, to the extent that paragraph 31 contains any factual allegations to which CCE must respond, CCE admits that an actual controversy exists between CCE and Defendant with respect to validity. Except as expressly admitted, CCE denies the allegations in paragraph 31.

32. Denied.

33. Denied.

## SEVENTH COUNTERCLAIM
**(Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,457,676)**

34. CCE repeats and incorporates by reference its responses to the preceding paragraphs 1–33 of Defendant's Counterclaims as though fully set forth herein.

35. The allegations in paragraph 35 are legal conclusions to which no response is required; however, to the extent that paragraph 35 contains any factual allegations to which CCE must respond, CCE admits that an actual controversy exists between CCE and Defendant with respect to infringement. Except as expressly admitted, CCE denies the allegations in paragraph 35.

36. Denied.

37. Denied.

## EIGHTH COUNTERCLAIM
**(Declaratory Judgment of Invalidity of U.S. Patent No. 8,457,676)**

38. CCE repeats and incorporates by reference its responses to the preceding paragraphs 1–37 of Defendant's Counterclaims as though fully set forth herein.

39. The allegations in paragraph 39 are legal conclusions to which no response is required; however, to the extent that paragraph 39 contains any factual allegations to which CCE must respond, CCE admits that an actual controversy exists between CCE and Defendant with respect to validity. Except as expressly admitted, CCE denies the allegations in paragraph 39.

40. Denied.

41. Denied.

## NINTH COUNTERCLAIM
**(Declaratory Judgment of Unenforceability of U.S. Patent No. 8,457,022)**

42. CCE repeats and incorporates by reference its responses to the preceding paragraphs 1–41 of Defendant's Counterclaims as though fully set forth herein.

43. The allegations in paragraph 43 are legal conclusions to which no response is required; however, to the extent that paragraph 43 contains any factual allegations to which CCE must respond, CCE admits that an actual controversy exists between CCE and Defendant with respect to enforceability. Except as expressly admitted, CCE denies the allegations in paragraph 43.

44. Denied.

45. Denied.

## TENTH COUNTERCLAIM
**(Declaratory Judgment of Unenforceability of U.S. Patent No. 8,570,957)**

46. CCE repeats and incorporates by reference its responses to the preceding paragraphs 1–45 of Defendant's Counterclaims as though fully set forth herein.

47. The allegations in paragraph 47 are legal conclusions to which no response is required; however, to the extent that paragraph 47 contains any factual allegations to which CCE must respond, CCE admits that an actual controversy exists between CCE and Defendant with respect to enforceability. Except as expressly admitted, CCE denies the allegations in paragraph 47.

48. Denied.

49. Denied.

### ELEVENTH COUNTERCLAIM
**(Declaratory Judgment of Unenforceability of U.S. Patent No. 8,867,472)**

50. CCE repeats and incorporates by reference its responses to the preceding paragraphs 1–49 of Defendant's Counterclaims as though fully set forth herein.

51. The allegations in paragraph 51 are legal conclusions to which no response is required; however, to the extent that paragraph 51 contains any factual allegations to which CCE must respond, CCE admits that an actual controversy exists between CCE and Defendant with respect to enforceability. Except as expressly admitted, CCE denies the allegations in paragraph 51.

52. Denied.

53. Denied.

### TWELFTH COUNTERCLAIM
**(Declaratory Judgment of Unenforceability of U.S. Patent No. 8,457,676)**

54. CCE repeats and incorporates by reference its responses to the preceding paragraphs 1–53 of Defendant's Counterclaims as though fully set forth herein.

55. The allegations in paragraph 55 are legal conclusions to which no response is required; however, to the extent that paragraph 55 contains any factual allegations to which CCE must respond, CCE admits that an actual controversy exists between CCE and Defendant with respect to enforceability. Except as expressly admitted, CCE denies the allegations in paragraph 55.

56. Denied.

57. Denied.

## PRAYER FOR RELIEF

Although no answer is required to Defendant's request for relief, CCE denies all allegations in sub-paragraphs (a)-(h) and further denies that the requested relief should be granted to Defendant.

## DEMAND FOR JURY TRIAL

CCE admits that Defendant requests a trial by jury on all issues so triable.

## GENERAL DENIAL

CCE further denies each allegation contained in Defendant's Counterclaims that was not specifically admitted, denied, or otherwise responded to in this Answer.

## PLAINTIFF'S PRAYER

CCE prays for the following relief:

A. All relief sough in Plaintiff's Second Amended Complaint;

B. Dismissal of Defendant's counterclaims and a judgment that Defendant take nothing;

C. Judgment declaring that Defendant infringes one or more claims of the '022 patent, the '957 patent, the '472 patent, and the '676 patent.

D. Judgment declaring that the '022 patent, the '957 patent, the '472 patent, and the '676 patent are valid and enforceable.

E. Judgment that Defendant account for and pay to Plaintiff all damages to and costs incurred by Plaintiff because of Defendant's infringing activities, either through direct or indirect infringement, either alone or in combination with the actions of others;

F. Judgment declaring that Defendant account for and pay to Plaintiff a reasonable, on-going, post-judgement royalty because of Defendant's infringing activities;

G. An award of Plaintiff's fees and costs in defending against Defendant's counterclaims, together with pre-judgment and post-judgment interest in the maximum amount provided by law; and

H. Any and all further relief for Plaintiff as the Court may deem just and proper.

Dated: December 23, 2015

Respectfully submitted,

/s/*Jeffrey R. Bragalone*_____
Jeffrey R. Bragalone (lead attorney)
Texas Bar No. 02855775
Monte M. Bond
Texas Bar No. 02585625
Terry A. Saad
Texas Bar No. 24066015
Jonathan H. Rastegar
Texas Bar No. 24064043
BRAGALONE CONROY PC
2200 Ross Avenue
Suite 4500W
Dallas, TX 75201
Tel: (214) 785-6670
Fax: (214) 785-6680
jbragalone@bcpc-law.com
mbond@bcpc-law.com
tsaad@bcpc-law.com
jrastegar@bcpc-law.com

Edward R. Nelson, III
ed@nelbum.com
Texas Bar No. 00797142
S. Brannon Latimer
brannon@nelbum.com
Texas Bar No. 24060137
Thomas C. Cecil
tom@nelbum.com
Texas Bar No. 24069489
NELSON BUMGARDNER, P.C.
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
Phone: (817) 377-9111
Fax: (817) 377-3485

Attorneys for Plaintiff
**CELLULAR COMMUNICATIONS EQUIPMENT LLC**

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on this 23rd day of December, 2015. As of this date all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

*/s/ Jeffrey R. Bragalone*